UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID JEFFERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 4:19-cv-00083-AGF |
| THOMAS E. OSTERHOLT, | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff David Jefferson for leave to commence this civil action without prepayment of the filing fee. (Docket No. 1). Having reviewed the information contained in the motion, the Court finds it should be granted. Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

### The Complaint

Plaintiff is a pro se litigant who has filed a civil action naming Thomas E. Osterholt as defendant. He has indicated that the Court's jurisdiction is based on a federal question. (Docket No. 1 at 3; Docket No. 1-1 at 1). Specifically, in the section of the form complaint for asserting federal question jurisdiction, plaintiff states: "Housing discrimination. At a hearing about an eviction in June 2018, the lawyer refused to look at paperwork indicating the rent had been paid." (Docket No. 1 at 3). In his statement of claim, plaintiff states, in full:

> At [an] eviction hearing in June 2018 in St. Louis[,] the lawyer refused to look at proof that I was current in the rent. I had a truck driving job waiting in Omaha, NE. He scheduled the next hearing, and I was rear-ended on I-80 west in Wyoming[,] causing me to lose my job.

(Docket No. 1 at 5).

Plaintiff has supplemented these allegations with several exhibits that were sent to the Court after the filing of the complaint. (Docket No. 6).[1] The exhibits include chat transcripts between plaintiff and USAA; a revised IRS earned income tax credit form from a labor law compliance service; a notice of cancellation of insurance from USAA; a letter from the United States Department of Veterans Affairs; a letter from the Social Security Administration; and a docket sheet from *Neighborhood Gardens Apartments v. Jefferson*, No. 1822-AC16429 (22nd Cir., City of St. Louis). Based on the docket sheet and review of plaintiff's state court case, the Court notes that defendant Osterholt is the attorney for Neighborhood Gardens Apartments and filed an action against plaintiff seeking unpaid rent.

Plaintiff seeks damages in the amount of $74,999 for loss of income and back pain, apparently in relation to the aforementioned car accident in Wyoming.

## Discussion

Plaintiff has brought this action against defendant Thomas E. Osterholt, alleging that at a June 2018 eviction hearing, Osterholt refused to look at paperwork indicating that plaintiff's rent had been paid. He claims that this constitutes "housing discrimination." For the reasons discussed below, plaintiff will be directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff has indicated that the basis of this Court's jurisdiction is federal question jurisdiction. As explained below, however, neither federal question nor diversity of citizenship jurisdiction is apparent on the face of the complaint.

**B. Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a

claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

A claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).

Plaintiff has asserted federal question jurisdiction as the basis of this Court's jurisdiction. However, he has not indicated what federal statute, federal treaty, or constitutional provision is at issue in this case. Rather, he states only that "housing discrimination" occurred when a lawyer refused to look at his paperwork during a state eviction proceeding. He makes no further allegations regarding what this "discrimination" entailed.

This conclusory form of pleading fails to demonstrate the existence of a federal question. Plaintiff does not, for instance, state a claim under the Fair Housing Act. *See Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (stating that the FHA "prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin"). He also does not state a claim under 42 U.S.C. §

1981. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (stating that in order to establish a prima facie case under § 1981, a plaintiff must show that (1) he is a member of a protected class; (2) that the defendant intended to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity). Finally, he has not alleged a claim under 42 U.S.C. § 1983. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that pursuant to § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right"). As such, he has not established that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.

### C. Diversity of Citizenship Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

5

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

In this case, plaintiff has not established diversity of citizenship because both he and defendant are citizens of the State of Missouri. Moreover, the amount his controversy that he has alleged – $74,999 – is below the jurisdictional amount.

### D. Order to Show Cause

As noted above, federal courts have jurisdiction over two types of cases: federal question cases and diversity of citizenship cases. Plaintiff has failed to adequately allege either basis in his complaint. Therefore, the Court will order plaintiff to show cause within **thirty (30) days** as to why his case should not be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Failure to file a response will result in the dismissal of this action without prejudice and without further notice.

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). As plaintiff is being ordered to

show cause why his case should not be dismissed for lack of subject matter jurisdiction, the motion will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff must show cause, in writing and no later than **thirty (30) days** from the date of this order, why his complaint should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond to this order within **thirty (30) days**, his complaint will be dismissed without prejudice and without further notice.

Dated this 3rd day of June, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE